IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Keene, | ) | C.A. No.: 2:23-cv-03227-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| The Short-Term Disability and Maternity Leave Program provided under the T-MOBILE USA, INC. EMPLOYEE BENEFIT PLAN, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Goose Creek, South Carolina.

II.

Defendant is a self-funded benefit plan organized and existing pursuant to ERISA 29 U.S.C. §1132(d) which have plan participants in and significant ties to Goose Creek, South Carolina.

III.

In this matter, Plaintiff seeks short term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

IV.

Until November 2021, Plaintiff was employed with T-Mobile USA, Inc. and as an employee of T-Mobile USA, Inc., Plaintiff was provided with short term disability insurance coverage via a plan which was sponsored by his employer and insured by Defendant.

V.

Plaintiff became disabled because of certain problems from which he suffered. Plaintiff was forced to cease working and he filed a claim for short term disability benefits with the plan.

VI.

The plan administrator denied Plaintiff's claim. Plaintiff appealed the denial and attempted to fully exhaust administrative remedies, but Defendant has failed and refused to allow Plaintiff to meaningfully exhaust administrative remedies because it did not provide Plaintiff a copy of each and every document upon which the denial was based pursuant to 29 C.F.R. § 2560.503-1 despite a valid written request, and it refused to consider important evidence Plaintiff tried to provide. Defendant did issue a final decision denying Plaintiff's claim, but did so while specifically refusing to consider important evidence Plaintiff was gathering. Defendant did not allow Plaintiff a reasonable period of time to review the administrative record and gather and submit evidence in support of his claim in violation of 29 C.F.R. § 2560.503-1. Accordingly, further attempts to exhaust administrative remedies are futile.

VII.

The claim fiduciary of the short term disability plan made its claim decision to deny Plaintiff's disability claim while operating under a conflict of interest which significantly

influenced the Defendant to deny Plaintiff's claim. The decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the decision was reached by it ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions.

## FOR A FIRST CAUSE OF ACTION

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and the evidence Plaintiff intended to provide to Defendant, but which Defendant failed to consider in reaching its final claim decision, and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan. Plaintiff tried to exhaust administrative remedies, but Defendant failed to meaningfully respond to his appeal. Also, the court should conduct a *de novo* review of Plaintiff's claim including documents the plan administrator alleges it did not consider because the plan administrator's refusal to consider the information was a breach of fiduciary duty and further attempts to exhaust administrative remedies are futile. Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding,

that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the short term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of his claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: llouzri@fosterfoster.com

Date: July 7, 2023            Attorneys for Plaintiff